May it again please the court I'm Peter Henderson on behalf of Dennis Weathers in this case. The the sentence in this case again is an above guideline sentence and the primary concern that we've raised on appeal is this idea of relevant conduct really being the driver of the sentence certainly a district court is entitled that sentencing to make factual findings by a preponderance of the evidence to establish what what actually happened but what the guidelines are there to do is to adopt a sort of a middle approach in federal court. You're not just sentenced based on the offense of conviction but at the same time the guidelines incorporate enhancements based on relevant conduct to produce an approximate range and so we're not at the old sort of real conduct stage so in this case the aggravating circumstances here were taken into account by the guidelines that's that's sort of the approach that we have and the real concern is when we allow district courts to really sentence almost exclusively on relevant conduct rather than the offense of conviction we're denigrating the jury trial right this is again this has been approved sort of as a matter of law in the United States versus Watts in the Supreme Court findings by a preponderance of the evidence can have dramatic effects on the sentence as it did in this case but we think that appellate court should be wary of sentences that really are based mostly on relevant conduct. How does this take away the jury right Mr. Henderson given that the defendant admitted to the conduct in the plea agreement how so how would that take away. Well because he's being so he's still you know obviously the change of plea there was some controversy over what exactly it happened right on the one hand you could say this was attempted murder on the other hand you could say this was almost a self defense or a battery or some sort of reckless conduct and so that that was never subject to the jury trial right so he certainly admitted yes this was a battery this was. But you could say that the whole plea wasn't subject to the jury trial why isn't the admission of the relevant conduct at the plea change a plea hearing the same as entering into the plea and waiving your right to a jury trial. Well I suppose in this case there are certainly admissions where we're not as concerned on the theoretical side about jury trial rights but the main concern we have is affirming sentences like these that are based on relevant conduct means in other cases where these things aren't submitted to a jury or they aren't admitted to a plea agreement then a judge can really sentence for that other offense rather than the offensive conviction. So we think that the judge made that clear that that really was the basis of the sentence here and so we would ask that the court really take a hard look at this and keep in mind this is an above guideline sentence and it's based almost exclusively on relevant conduct and we think that that should be something that is a rare event in federal court. So we'd ask that the court vacate the sentence and remand for resentencing. Thank you. May it please the court my name is Kavitha Babu and I represent the United States the FLE. The district court sentence of 120 months in prison in here was substantively reasonable and as counsel noted the law is clear that the district court can take into consideration once proven by a preponderance of evidence. The defendants full conduct here and here the record before the court demonstrated that the defendant chased after the victim the defendant was a convicted felon. And using the Smith and Wesson 40 caliber pistol that was in the defendant's possession he shot at the victim 11 times causing 20 wounds and leaving a bullet in the victim. The district court then balanced that all the 33 35 53 a factors and the characteristics of the defendant the nature and circumstances of the offense the seriousness of this offense the. And as to the excuse me as to the defendant's history and characteristics he balanced the defendant's difficult childhood his relatively young age and talked both about the general and specific the need for general and specific deterrence in this instance and sentenced the defendant here to a sentence that was well within the court's discretion while the judge. Occurs certainly a long time and experienced trial judge said something about the most egregious he'd seen in his time on the bench that's correct. The evidence in this case showed that the defendant chased after the victim for multiple blocks and shot at him multiple times and the court did note that this was a serious serious and egregious. Your honor your honors the government does ask here for the reasons for the reasons I stated here and the reasons that we stated in our brief that this court from the defendant's conviction and his sentence. Thank you thank you Mr. Anderson thanks for both counsel and the case is taken under advisement we move. Let's see. Ms. Rowe are you here. Well we'll go back.